Opinion filed September
16, 2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00075-CR

                                                    __________

 

                                  TRACIE
LEE DAVES, Appellant

                                                             V.

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 385th District Court

                                                          Midland
County, Texas

                                                   Trial
Court Cause No. CR34745

 



 

                                                                  O
P I N I O N

 

            A
jury found Tracie Lee Daves guilty of the offense of possession of a controlled
substance (cocaine) in an amount of one gram or more but less than four grams. 
That same jury assessed her punishment at confinement for three years, and it
recommended that the court suspend the sentence and place her on community
supervision.  In accordance with the jury’s recommendation, the trial court
placed Daves on community supervision for a term of six years.  We affirm.

            Appellant
presents two points of error.  In the first point, she complains that the trial
court erred when it overruled her motion to suppress the fruits of what she
perceives to be an unlawful search and seizure.  In her second point of error,
appellant maintains that the evidence is legally and factually insufficient to
support the conviction.

Officer William Taylor Welch testified that on March 10, 2008, he was on
canine patrol for the City of Midland.  Officer Welch noticed that a driver
failed to stop at a red traffic light.  The officer followed the vehicle and
saw the driver change lanes in an intersection and also saw him drive through a
blinking yellow light.  The driver also stopped at another red traffic light
but drove on before it changed to green.  After he observed those traffic
violations, Officer Welch stopped the vehicle and, when he talked to the
driver, noticed the smell of alcohol coming from him.

            During
the ensuing field sobriety tests, the driver, Cody Large, decided to prove to
Officer Welch that he was not intoxicated, and he devised his own field
sobriety test:  he tried to walk on his hands.  As Large was attempting to
perform that task, various items began to fall from his pockets.  One of those
items was a purple marihuana pipe.

            After
Officer Welch arrested Large for possession of narcotic paraphernalia, he
handcuffed him and placed him in front of the officer’s patrol car.  Officer
Welch went back to the car that Large was driving and asked the passenger (who
happened to be appellant) to get out of the vehicle so that he could search it
“incident to arrest.”  Appellant got out of the vehicle and stood on the
sidewalk.  At some point in time, the officer discovered that the vehicle being
driven by Large belonged to appellant.

Officer Welch began his search of the vehicle on the driver’s side but
found no contraband.  He continued to search the vehicle and eventually
searched the passenger area where appellant had been riding.  Appellant’s purse
was in that area.  Officer Welch looked in the purse and found a small baggie
of marihuana, a prescription bottle (in someone else’s name) that contained thirty-eight
whole and twenty-two half Zoloft pills, pipe screens used in pipes for smoking
marihuana, and a syringe that contained eighty cubic centimeters of a liquid.  The
officer also found a set of digital scales in the rear passenger area.  Finally,
Officer Welch found a baggie containing a white powdery substance stuffed
between the front passenger seat and the center console.  The liquid in the syringe
and contents of the baggie field-tested positive for cocaine.  It is
appellant’s possession of the contents of the baggie that forms the basis for
the charge in this case.

            Appellant
claimed that the search was unlawful and unreasonable in violation of
“Appellant’s rights under The Fourth and Fourteenth Amendments of The United
States Constitution; Article One, Section Nine of the Texas Constitution; and
Articles 38.22 and 38.23 of The Texas Code of Criminal Procedure.”  Based upon
those claims, appellant asked the trial court to suppress the results of the
search of the vehicle.  The trial court denied the motion, and appellant’s
claim remains the same in this court and is the subject of her first point of
error.

            We
review a trial court’s ruling on a motion to suppress for an abuse of
discretion.  Wiede v. State, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007). 
We view the record in the light most favorable to the ruling, affording almost
total deference to the trial court’s ruling on express or implied determination
of historical facts and its application of law-to-fact decisions that are
supported by the record and turn on an evaluation of witness demeanor and
credibility.  Id.  All other law-to-fact decisions are reviewed de novo,
which includes a trial court’s determination of reasonable suspicion and
probable cause.  See State v. Ross, 32 S.W.3d 853 (Tex. Crim. App.
2000); Guzman v. State, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997). 
Because the trial court did not make explicit findings of fact, we view the
evidence in the light most favorable to the trial court’s ruling and assume
that the court made implicit findings of fact supported by the record. Ford
v. State, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005).  The trial court’s
ruling will be upheld if it is reasonably supported by the record and if it is
correct under any applicable legal theory.  State v. Dixon, 206 S.W.3d
587, 590 (Tex. Crim. App. 2006).  This is true even when the trial court gave
the wrong reason for its ruling.  Armendariz v. State, 123 S.W.3d 401,
404 (Tex. Crim. App. 2003).

            The
Fourth Amendment to the United States Constitution protects persons from
unreasonable searches and seizures by government officials.  U.S. Const. amend. IV; Hubert v. State,
312 S.W.3d 554, 560 (Tex. Crim. App. 2010); Wiede, 214 S.W.3d at 24.  Generally,
those searches that are conducted without a warrant are said to be
unreasonable.  Wiede, 214 S.W.3d at 24.  A defendant bears the initial
burden to produce evidence that rebuts a presumption of proper government
conduct.  Amador v. State, 221 S.W.3d 666, 672 (Tex. Crim. App. 2007). 
A defendant has met that burden if he establishes that there was no warrant for
the search or seizure.  Id.  The burden then falls upon the State to
show that, under the totality of the circumstances, the search or seizure was
nevertheless reasonable.  Id.  There was no warrant in this case, and
the burden was upon the State to establish the existence of an exception to the
warrant requirement in order to show that the search and seizure of appellant’s
vehicle and contents was reasonable.  A search made incident to a lawful arrest,
with certain conditions and limitations, is one exception to the warrant
requirement.  This exception arises from officer safety and evidence
preservation issues.  Arizona v. Gant, 129 S.Ct. 1710, 1716 (2009).

            Recently,
in Gant, the United States Supreme Court addressed the issue of
warrantless searches and seizures involving vehicles.  There, Gant was arrested
for driving with a suspended driver’s license.  He was handcuffed and locked in
the back of a squad car.  The officers then searched his vehicle and found a
gun, and in a jacket lying on the backseat of the vehicle, they also found a
bag of cocaine.  Gant was convicted for possessing the cocaine.  Gant took the
position that the search of his vehicle was unreasonable.  He could not reach
into the vehicle for a weapon, and he was arrested for a traffic offense and no
evidence related to that offense would be located inside the vehicle.  Ultimately,
the Arizona Supreme Court agreed and held that the search was not justified.  A
majority of the United States Supreme Court agreed with the Arizona Supreme Court. 
A search incident to arrest is unreasonable if it occurs after the person who
is arrested has been secured and cannot access the interior of the vehicle.  Gant,
129 S.Ct. at 1714.  However, the Court also recognized that circumstances
involving vehicle searches were unique and that a search of a vehicle incident
to arrest is justified in those situations when it is reasonable to believe
that evidence related to the offense for which the arrest was made might be
found in the vehicle.  Id.

            The
Gant court discussed and compared its earlier opinion in New York v.
Belton, 453 U.S. 454 (1981).  In Belton, the police stopped a
vehicle because the driver was speeding.  When the officer contacted the driver,
he noticed the smell of burnt marihuana.  The officer also saw an envelope in
the floor of the car with the word “Supergold” written on it.  The officer
recognized the name as one relating to marihuana.  The officer had probable
cause to believe those persons in the vehicle had committed a drug offense.  He
told them to get out of the vehicle, and he placed them in places where they
could not physically touch each other.  The officer did not handcuff them
because he had only one set of handcuffs, and he was the only officer present. 
He searched the vehicle and, as in Gant, found cocaine in the pocket of
a jacket lying on the backseat.

In finding that the search in Gant did not pass constitutional
muster, the Supreme Court wrote that officers were constitutionally permitted
to search a vehicle incident to the arrest of a recent occupant only if that
person is within reaching distance of the passenger compartment of the vehicle
at the time of the arrest or, as in Belton, if “it is reasonable to
believe the vehicle contains evidence of the offense of arrest.”  Gant, 129
S.Ct. at 1723.  And, a Belton search includes not only the passenger
compartment but also “every purse, briefcase, or other container within that
space.”  Gant, 129 S.Ct. at 1720.

In the case we are reviewing, the arrest was for possession of narcotic
paraphernalia.  It would be reasonable for the officer to believe that the
vehicle contained evidence related to that offense.  Because it would be
reasonable for the officer to believe that the vehicle contained evidence
related to the offense for which the arrest was made, the search of the passenger
compartment of the vehicle and containers within it and the seizure of the
items found as a result of that search were reasonable.

The trial court did not err when it denied appellant’s motion to
suppress.  The first point of error is overruled.

In her second point of error, appellant argues that the evidence is both
legally and factually insufficient to support her conviction.

To determine if the evidence is legally sufficient, the appellate court
reviews all of the evidence in the light most favorable to the verdict and
determines whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319 (1979); Laster v. State, 275 S.W.3d 512, 517-18 (Tex.
Crim. App. 2009); Jackson v. State, 17 S.W.3d 664, 667 (Tex. Crim. App.
2000).  To determine if the evidence is factually sufficient, the appellate
court reviews all of the evidence in a neutral light.  Laster, 275
S.W.3d at 519; Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App.
2006); Johnson v. State, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); Cain
v. State, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); Clewis v. State,
922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  Then, the reviewing court
determines whether the evidence supporting the verdict is so weak that the
verdict is clearly wrong and manifestly unjust or whether the verdict is
against the great weight and preponderance of the conflicting evidence.  Watson,
204 S.W.3d at 414-15; Johnson, 23 S.W.3d at 10-11.  The jury, as
the finder of fact, is the sole judge of the weight and credibility of the
witnesses’ testimony.  Tex. Code Crim.
Proc. Ann. art. 38.04 (Vernon 1979).

We have already outlined the evidence as it relates to the night of
appellant’s arrest.  It was appellant’s position at trial that William Darrell Jobe
and Paula Rene Doggett had left the cocaine in her vehicle when they borrowed
it on March 9, 2008, the night before appellant was arrested.  

Cody Large testified for appellant.  He knew appellant, Jobe, and
Doggett.  Jobe and appellant were “cohabitating.”  On March 9, 2008, Large and
Doggett were together in Doggett’s car.  Doggett called Jobe to make
arrangements to buy some cocaine.  Large and Doggett were going to “use”
together.  Large and Doggett met Jobe at “The County Line,” a “sex shop.”  Jobe
was in appellant’s vehicle.  Doggett gave the keys to her vehicle to Large,
told him to “[f]ollow us,” and got into the vehicle with Jobe.  Jobe was
driving.  As Large was following them, a tire on the car being driven by him
went flat.  There were some complications in getting the tire changed, and
Large never met with Jobe and Doggett.

Meanwhile, Midland County Sheriff Gary Painter did meet up with Jobe and
Doggett.  He saw appellant’s vehicle parked in a place where it should not have
been “at that time of night.”  The vehicle was “blacked out.”  Sheriff Painter
called Midland County Deputy Sheriff Ronald Wright to assist him.  Doggett was
in the driver’s seat, and Jobe was in the front passenger seat when Sheriff
Painter arrived.  When Deputy Wright joined Sheriff Painter, he saw Doggett
outside of the vehicle on the driver’s side.  Jobe was in the front passenger
seat.  As Doggett walked toward Deputy Wright, she dropped several items on the
ground.  One of those items was a brown pouch with a syringe in it.  Another of
the items was a piece of a plastic bag that contained cocaine.  Both Jobe and
Doggett were arrested.  Deputy Wright arrested Jobe later on an unrelated
charge of possession of a controlled substance.

Sheriff Painter testified that he and Deputy Wright performed a full and
thorough search of the vehicle.  They found cotton balls with blood on them,
needles with blood on them, and a Coke can containing wet cotton that tested
positive for cocaine.  Sheriff Painter also said that “there was some cocaine
that was inside the car.  There was [sic] also some plastic bags that had some
residue.”  They did not find any bags of cocaine during the search on March 9,
like Officer Welch did on March 10.  When shown the cocaine appellant was
charged with possessing and when asked whether he would have overlooked it
during the March 9 search, Sheriff Painter said, “I wouldn’t have missed that,
no.”

            After
Sheriff Painter and Deputy Wright completed the search of the vehicle, it was
impounded and another search, an inventory search, was performed.  No additional
cocaine was noted.

            The
next morning, Large went to appellant’s house and found out that Jobe and
Doggett had been arrested and that appellant’s car had been impounded.  Large
took appellant to the impound to retrieve her car and then followed her back to
her place of employment as manager of “Henry’s Hide-Away,” a bar in Midland. 
Large helped her with various chores at the bar and had been drinking throughout
the day.  At some point in time, Large took Doggett’s car to her sister’s house,
and the sister drove him back to Henry’s Hide-Away where he remained until
closing.

The jury heard testimony that Large had been convicted of the felony
offense of tampering with evidence in a cocaine case.

After the bar closed, Large and appellant got into appellant’s vehicle;
Large was driving.  Four or five minutes later, Officer Welch was following
them.  As noted in our discussion of appellant’s first point of error, Large
committed several traffic violations, and Officer Welch stopped him.  Again, as
noted in our discussion of appellant’s first point of error, this is the point
where the officer suspected that Large was intoxicated and began to administer
various field sobriety tests, including that devised by Large.  During this
time, the purple marihuana pipe fell out of Large’s jacket; he was handcuffed
and placed at the front of the officer’s squad car.

Appellant testified.  Her account of the day’s events preceding Large’s
arrest are in essence in agreement with Large’s testimony.  She also testified
that, when the officer asked Large to get out of the car, she assumed that the
officer would want to see her insurance card.  She opened the glove box to get
the card and saw a syringe lying there.  She “freaked out” and “panicked,” and
she dropped the syringe in her purse.  She admitted to marihuana use and that
the marihuana and related items in her purse were hers.  She testified that “Dora
Ruth Caldwell” gave her the Zoloft pills because Caldwell did not take them
anymore and because appellant could not afford to get her own prescription
refilled.  But, in regard to syringes, appellant said, “I don’t have anything
to do with them.  I mean, I don’t shoot up or do anything like that.”  She
maintained that it was “left over in the car from [Jobe] and [Doggett], because
that’s what they do when they get together.”  She did not know what was in the
syringe, although she said that she had a pretty good idea.

After appellant had been arrested, Jobe told her that the drugs “were
his; that he had them; that he put it in the glove box whenever the officer
pulled behind him.”  Appellant testified that Jobe also told her that, when the
time came, he would admit that “they were his.”  Jobe told appellant that he
had told Sheriff Painter that the drugs were his.  She could not find Jobe at
the time of trial; he was hiding out because of probation violations.

Sheriff Painter testified that Jobe called him and told him that the
drugs found in appellant’s vehicle were his.  The sheriff did not report that
statement to the prosecutor because he thought Jobe was lying.

When we review all of the evidence in accordance with the
well-established standards of review, we find it to be both legally and
factually sufficient to support the verdict.  The officers testified to the
thoroughness of their search after the March 9 incident.  Both Sheriff Painter
and Deputy Wright were sure that, had the items Officer Welch found in the
search on March 10 been present on March 9, they would have found them.  Not
only did they do a thorough search at the time of arrest, they also performed a
subsequent inventory search.  Sheriff Painter testified that he took everything
out of the glove box when he performed the search on March 9.  He told the jury
that, if the syringe found in appellant’s purse had been in the glove box, he
would have seen it.  The same is true of testimony regarding the cocaine found
between the front passenger seat and the center console.  The sheriff and the
deputy both testified that they would not have missed that.  Further, the jury
was the judge of the credibility of the witnesses and the weight to be given to
the testimony.  

            After
reviewing all of the evidence in the light most favorable to the verdict, we
hold that a rational trier of fact could have found the essential elements of
the crime of possession of a controlled substance beyond a reasonable doubt.  The
evidence is, therefore, legally sufficient to support the verdict.  Furthermore,
after reviewing all of the evidence in a neutral light, the evidence supporting
the verdict is not so weak that the verdict is clearly wrong and manifestly
unjust.  And, the verdict is not against the great weight and preponderance of
the conflicting evidence.  Therefore, the evidence is factually sufficient. 
Appellant’s second point of error is overruled.

            We
affirm the judgment of the trial court.

            

                                                                                    JIM
R. WRIGHT

                                                                                    CHIEF
JUSTICE

September 16,
2010

Publish.  See
Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.